UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2008 FEB 14  A 10: 17

UNITED STATES OF AMERICA

VERSUS

GLENN AUBREY PITTS

CRIMINAL ACTION

NO. 07-157-JVP-CN

## RULING ON MOTION FOR RECONSIDERATION

This matter is before the court on a motion by defendant, Glenn Aubrey Pitts ("Pitts") (doc. 28) for reconsideration of the court's ruling denying Pitts' motion to dismiss (doc. 25). The government has opposed the motion (doc. 28). No oral argument is necessary and the matter is now submitted. Jurisdiction is based on 18 U.S.C. § 3231.

## THE WALSH ACT

The Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act") was signed into law on July 27, 2006. Title I of the Walsh Act is comprised of the Sex Offender Registration and Notification Act. Pub.L. 109-248, §§ 1-155. 120 Stat. 587, 590-611 (2006). The Sex Offender Registration and Notification Act establishes a "comprehensive national sex offender registry" "[i]n order to protect the public from sex offenders and offenders against children . . . ." See 42 U.S.C. § 16901. The Act provides that every jurisdiction shall maintain a jurisdiction-wide registry conforming to specified requirements. *Id.* at 16912. Information from this registry is to be made

1

available on the internet in a manner that will permit the public to obtain relevant information for offenders within each jurisdiction, and each jurisdiction's website must be designed to allow it to integrate into and participate with the Attorney General's Dru Sjodin National Sex Offender Public Website. 42 U.S.C. §§ 16918, 16920.

Title 42 U.S.C. § 16913 provides the registry requirements for sex offenders and the penalties imposed for failure to comply with these requirements as follows:

> (a) In general
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.
> (b) Initial registration
> The sex offender shall initially register–
>   (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>   (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
> (c) Keeping the registration current
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section.
>   The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State Penalty for failure to comply
Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than one year for the failure of a sex offender to comply with the requirements of this title.

42 U.S.C. § 16913

Of primary concern in this motion for reconsideration is the fact that the Walsh Act also creates new federal crimes for those persons who fail to register as sex offenders in compliance with 42 U.S.C. § 16913. Defendant is charged with violating 18 U.S.C. 2250(a), the pertinent provisions of which provide:

(a) In general– Whoever–
 (1) is required to register under the Sex Offender Registration and Notification Act;
 (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
 (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
 (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
shall be fined under this title or imprisoned not more than 10 years, or both.

On February 28, 2007, pursuant to 42 U.S.C. § 16913(d), the Attorney General issued an interim rule providing that "[t]he requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of the Act." 28 C.F.R. § 72.3 (2007).

## FACTS AND PROCEDURAL HISTORY

Defendant, Glen Aubrey Pitts, was originally convicted in Virginia, on May 21, 1992, of two counts of oral sodomy and two counts of indecent liberties with a minor under his control. Pursuant to Virginia law, he was required upon his release to register as a sex offender with the Virginia State Police and re-register within 30 days of any change of address. He registered on November 10, 1994 and last re-registered on October 13, 1998. Pitts failed to verify or re-register in October of 1999 and on November 28, 2001, Prince William County, Virginia issued a warrant for Pitts' arrest for Failure to Register as a Sex Offender.

On November 1, 2006, Pitts was arrested in Baton Rouge and the government contends that he traveled from Virginia to Louisiana sometime between October 13, 1998, and February of 2001 (doc. 21, p. 3). As of his arrest, he had not registered as a sex offender in Louisiana as required under Louisiana law.[1] On July 19, 2007, Pitts was indicted under 18 U.S.C. § 2250(a) for failing to register and update his registration (doc. 1).

On August 27, 2007, Pitts filed a motion to dismiss the indictment, contending that the law under which he was indicted did not apply to him and was unconstitutional if so applied. After careful consideration of the grounds upon which

---

[1] La. R.S. 15: 542(A) requires any adult residing in Louisiana who has been convicted of any sex offense to register with the state.

Pitts based his motion to dismiss the indictment, the court denied the motion on November 7, 2007.

On December 5, 2007, Pitts filed the current motion for reconsideration, contending that: 1) Application of 18 U.S.C. § 2250 under the facts of this case violates the Ex Post Facto Clause; 2) rules of statutory construction preclude the application of 42 U.S.C. § 2250 under the facts of this case; and 3) he did not receive proper notice of the law prior to his arrest.

## DISCUSSION

### Whether 18 U.s.c. § 2250 as Applied to the Facts of this Case Violates the Ex Post Facto Clause

Pitts acknowledges that *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed2d 164 (2003), precludes any ex post facto attack upon the civil registration and notification requirements of the Sex Offender Registration and Notification Act. He argues however that *Smith* is not controlling on the issue of whether the government may enforce the criminal penalties provided by 18 U.S.C. § 2250 against a defendant who traveled in interstate commerce prior to either the enactment of the Walsh Act or the Attorney General's promulgation of the interim rule (doc. 28, pp. 1-2).

The criminal act with which Pitts is charged, however, is his failure to register or update his registration after enactment of the Walsh Act. As defense counsel has noted, the element of interstate travel included in § 2250(a) is a jurisdictional

element. See (doc. 17, p. 19). It serves as an invocation of congressional power to create binding legislation and does not criminalize interstate travel. Therefore, the interstate travel element does not inflict retroactive punishment and the application of 18 U.S.C. § 2250 to this defendant does not violate the Ex Post Facto Clause.

**Whether 18 U.s.c. § 2250 Applies Only to One Who Travels after the Statute Was Enacted**

Pitts again notes that his travel in interstate commerce occurred prior to the enactment of 18 U.S.C § 2250. He also notes that the jurisdictional element of the statute refers to one who "travels in interstate or foreign commerce." 18 U.S.C. § 2250(a)(2)(B). Pitts argues that because the statute uses the word "travels" it can only apply to those who travel after enactment of the statute (doc. 28, pp. 4-5). He further notes that "a statute shall not be given retroactive effect unless the construction is required by explicit language or by necessary implication." (Id. at 4 (quoting Fernandez-Vargas v. Gonzales, 548 U.S. 30, 126 S.Ct. 2422, 2428, L.Ed.2d 323 (2006)).

The Declaration of Purpose in the Sex Offender Registration and Notification Act states that "[i]n order to protect the public from sex offenders and offenders against children . . . Congress in this chapter establishes a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. The penalties for those who fail to register under the provisions of the Sex Offender Registration and Notification Act are provided in 18 U.S.C. § 2250.

As noted *supra*, the interstate travel element included in 18 U.S.C. § 2250(a) is a jurisdictional element. It does not criminalize interstate travel, but serves to invoke jurisdiction over those who travel in interstate commerce. Limiting the reach of the statute only to those who travel in interstate commerce after enactment of the statute would be clearly contrary to the intent of the Congress to create a *comprehensive* national database of sex offenders and offenders against children for the protection of the public.

Therefore, by necessary implication, the jurisdictional element applies to all those who have subjected themselves to congressional commerce clause jurisdiction by virtue of having traveled in interstate commerce.

**Whether Pitts Received Valid Notice of His Requirement to Register**

Pitts notes that 42 U.S.C. § 16917(b) provides that the Attorney General shall prescribe rules to provide notice of the registration requirements to sex offenders who cannot be notified immediately after sentencing or upon release from custody for their predicate sex offense. Pitts further notes that he received no specific notice of his obligations under the Sex Offender Registration and Notification Act because he was sentenced and released from custody prior to the enactment of the statute and he was arrested before the Attorney General issued the rules of notification.

Specific notice of the federal registration requirements, however, is not an element of the crime with which Pitts is charged. Pitts therefore seems to argue that,

because he received no specific notice of his obligations under the statute, due process requires that the indictment against him be dismissed.

Pitts may not have been aware of the Walsh Act prior to his arrest. However, the Walsh Act created no obligation that he was not already legally required to perform under Virginia or Louisiana law. Moreover, Pitts was aware that Virginia state law required him to register as a sex offender and update his registry and he initially did so (doc. 25, p. 15, *citing* (doc. 19, Ex. 1-5)).[2]

Pitts, therefore, not only had fair warning that his failure to register and update his registry was a violation of law, but also had actual notice that it was a violation of Virginia law.

## CONCLUSION

Accordingly, the motion for reconsideration, filed by defendant, Glenn Aubrey Pitts (doc. 28) is hereby **DENIED**.

Baton Rouge, Louisiana, February 14, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] Louisiana state law also required him to register when he moved into the state. *See* La. R.S. 15: 542(A).